Argued at Pendleton May 2, modified June 29, 1927.

# In Re WATER RIGHTS OF SILVIES RIVER.

### (257 Pac. 693.)

**Waters and Watercourses—Statute Permits Application for Rehearing of Water Rights Adjudication Within Six Months from Decree on Mandate (Or. L., § 5749, as Amended by Laws 1923, p. 451, § 28).**

1.  Section 5749, Or. L., as amended by Laws of 1923, page 451, Section 28, *held* to give state engineer, or any party interested, six months from the date of the decree of the Supreme Court on appeal from an adjudication of water rights on a stream system to apply for a rehearing.

**Waters and Watercourses—Decree on Mandate, Except as to Matters Resubmitted, is Final Adjudication of Water Rights, Subject to Statutory Provisions Authorizing Rehearing (Or. L., § 5749, as Amended by Laws 1923, p. 451, § 28).**

2.  Decree entered in the Circuit Court on mandate from the Supreme Court after appeal under Section 5749, Or. L., as amended by Laws of 1923, page 451, Section 28, relating to adjudication of water rights, is final, except as to matters resubmitted under the mandate, subject only to the special statutory provisions authorizing the Circuit Court on certain applications to grant a rehearing.

**Waters and Watercourses—Errors in Acreages Held Correctable Under Mandate Authorizing Correction of Clerical Errors in Water Rights Decree.**

3.  Errors in stating acreages of irrigated lands *held* to be correctable by the Circuit Court under mandate of the Supreme Court authorizing correction of clerical errors in decree adjudicating water rights.

**Waters and Watercourses—Application in Nature of One for Nunc Pro Tunc Order to Protect Water Rights Decree Held to State Grounds for Relief.**

4.  Application, in the nature of one for an order *nunc pro tunc* to correct to correspond to proof dates when claimant's predecessor in interest first used and irrigated land, *held* to state proper grounds for correction of decree on mandate from the Supreme Court, in adjudication of water rights on a stream system.

**Waters and Watercourses—Error in Name and Number of Acres in Water Rights Decree Held Correctable, Where Claimant was not Duly Served With Notice.**

5.  Error in decree in name and in number of acres *held* correctable, entitling water rights claimant to have his claim adjudicated, where, in proceedings to determine relative rights of claimants to waters on a stream system, the claimant's predecessor in interest was not duly served with notice.

**Waters and Watercourses—Water User must be Served With Notice or have Day in Court to be Bound by Adjudication of Rights.**

6. Water user under stream system, in an adjudication of water rights, in order to be bound by the decree, must be served with notice or have his day in court.

**Waters and Watercourses—Correction of Water Rights Decree Held Within Court's Discretion, Where Error was Due to Misunderstanding and to Death of Counsel.**

7. Correction of adjudication of claims of water users to make decree conform to facts and record *held* within discretion of Circuit Court, where error was due both to misunderstanding that correction had been made and to death of counsel.

**Waters and Watercourses—Further Extension of Time to Take Testimony on Water Rights Held for Trial Court's Discretion, Matter not Being Strictly for Rehearing.**

8. Where, in an adjudication of water rights under a stream system, certain claimant was granted additional time to take testimony, the question of further extension of time and manner of taking testimony *held* for discretion of trial court; the matter not being one strictly for rehearing after decree on mandate.

**Waters and Watercourses—Application to Correct Water Rights Decree for Error Due to Attorney's Death, Without Showing Excuse for Subsequent Failure to Take Testimony, Insufficient.**

9. Application to correct decree on mandate adjudicating water rights of claimants on stream system by reason of error due to death of one attorney, without showing who were claimant's other attorneys, or sufficient cause for failure to complete taking of testimony after his death, *held* insufficient.

**Waters and Watercourses—Application to Correct Water Rights Decree by Making Description More Definite Held to State Grounds for Relief.**

10. Application before Circuit Court to correct decree on mandate adjudicating rights of water users on stream system by making description of springs more definite *held* to state grounds for relief.

**Waters and Watercourses—Refusal to Correct Water Rights Decree Held not Error, Where Record Failed to Show Error in Listing Lands or Applicability of Statute (Or. L., § 5797).**

11. Refusal of application to correct decree on mandate adjudicating water rights on stream system by establishing the water right in certain land and to springs thereon *held* not error, where record failed to show that failure to list land was due to error or oversight, or whether springs were governed by Section 5797, Or. L., providing that person on whose land spring waters arise shall have right to their use.

**Waters and Watercourses—Application to Open Decree Adjudicating Water Rights, Where Claimant Acted Promptly, Held to Show Grounds for Relief Under Statute (Or. L., § 103).**

12. Application to open decree adjudicating water rights to establish rights of owner of land where, immediately on discovering

omission of his land through death of predecessor in interest, claimant had applied to court, *held* to show grounds for relief under Section 103, Or. L., providing that court may within one year relieve a party from a judgment.

**Waters and Watercourses—Application for Rehearing After Water Rights Decree Should be Regarded as Seeking Correction of Error or Relief Under Statute (Or. L., § 103).**

13.  Application for rehearing after decree on mandate from the Supreme Court adjudicating water rights under stream system should be treated as an application for correction of an error or for relief under Section 103, Or. L., granting the court discretion to relieve from a judgment within one year, since strict rule as to pleadings in water right proceedings should not prevail.

**Waters and Watercourses—Error in Omitting from Decree Lands Represented Before Water Board Held Correctable Under Mandate and Statute.**

14.  Error in omitting from decree on mandate from Supreme Court, in water right proceedings, lands represented before the water board, where applicant was aged lady, *held* correctable on application for rehearing under provisions of mandate and statute.

**Waters and Watercourses—Circuit Court Held not to have Erred in Denying Applications to Reopen Water Rights Case for Errors not Excusable.**

15.  Circuit Court *held* not to have erred in exercise of discretion in denying applications to retry water right proceedings after decree on mandate from the Supreme Court, where matters were not shown to be on account of excusable error, oversight or lack of notice or hearing.

Waters, 40 Cyc., p. 737, n. 67.

From Harney: Dalton Biggs, Judge.

In Banc.

The adjudication of the water rights on Silvies River and its tributaries was before this court on appeal and an opinion was handed down June 23, 1925: See 115 Or. 27 (237 Pac. 322). The decree was entered in this court on October 2, 1925. This mandate was filed in Harney County on November 3, 1925, and a decree on the mandate was entered in the Circuit Court February 23, 1926. On August 16, 1926, an application for rehearing was filed in the Circuit Court on behalf of John P. Fay, succes-

122 Or.—4

sor in interest of Joseph H. Hill, George Greeley and Robert M. Duncan, successors in interest of Joseph H. Hill and J. C. Clemens, successors in interest of the Oregon and Western Colonization Company, J. W. Biggs, Grover N. Jameson, Gertrude G. Music and B. F. Smith, successors in interest of J. W. Biggs, Fred Otley, M. B. Hayes and the Oregon and Western Colonization Company, a corporation, Charles B. Ausmus and Ben Brown.

The Circuit Court allowed the application to be heard on October 11, 1926, and directed the clerk to give notice to each interested party in the above-entitled manner. Notice was mailed to each claimant and water user, as shown by the clerk's return.

Some of the interested parties who were water users demurred to the application and moved to dismiss the same for the reason that the court had no jurisdiction to grant a rehearing as to any matters embraced in said decree. After further consideration the Circuit Court decreed that the application for rehearing be dismissed, except as to the claim of Fred Otley and M. B. Hayes. The other applicants appealed. MODIFIED.

For appellants there was a brief and oral argument by *Mr. C. B. McConnell.*

For claimants there was a brief over the names of *Mr. J. E. Wooley, Messrs. McCulloch & Duncan, Messrs. Nichols, Hallock & Donald, Messrs. Cook & Cook, Messrs. Biggs & Biggs* and *Mr. Charles B. Foley,* with oral arguments by *Mr. Bruce R. Kester, Mr. Robert M. Duncan, Mr. H. V. Schmalz* and *Mr. C. H. Leonard.*

BEAN, J.—Section 5749, Or. L., as amended by Chapter 283, General Laws of Oregon, 1923, page 451, provides thus:

"Within six (6) months from the date of the decree of the circuit court determining the rights upon any stream, or if appealed within six (6) months from the decision of the supreme court, the state engineer or any party interested, may apply to the circuit court for a rehearing upon grounds to be stated in the application. Thereupon, if in the discretion of the court it shall appear that there are good grounds for the rehearing, the circuit court, or judge thereof, shall make an order fixing a time and place when such application shall be heard. The clerk of the circuit court shall, at the expense of the petitioner, forthwith mail written notice of said application to the state engineer and to every party interested, and state in such notice the time and place when such application will be heard."

At the time of the consideration of the former appeal, *In re Silvies River,* there were several matters of import to the water users of this stream system that could not possibly be finally adjudicated practically from the voluminous record. As contemplated by the legislature in such a proceeding involving the interests of hundreds of water users, and numerous parcels of land to be described, with dates of appropriation, and other details necessary to be set forth in a decree, the Circuit Court and this court left some of the questions for future determination when the time for definite adjudication should arrive, such as the duty of water which the testimony did not clearly establish. In addition the decree of this court provided:

"In all cases in this decree wherein the right to use water out of more than one stream or branch

of a stream is confirmed for the same land and the amount of water to be taken from each respective stream or branch is not determined herein, the matter of determining the quantity of water to be taken from each stream or branch for such land shall be left open for the circuit court to determine after actual experiment and use of the water upon the lands have been made so that an equitable apportionment of the amount to be used from each stream or branch can be made with a reasonable degree of accuracy, which cannot be done at the present time. * *

"(A) That the circuit court shall make corrections of any clerical errors in these proceedings within six months from the date of filing this mandate in said court."

By the decree the cause was remanded to the Circuit Court for two purposes: (1) To enter a decree in accordance with the mandate of this court. (2) To carry out the directions contained in the decree of this court as to various matters still retained in the breast of the court and not finally adjudicated.

The decree provided that the claimant J. W. Biggs might apply to the Circuit Court to take further testimony in the regular way, as to the date of priority of his water right, to fix the proper date of such priority, and the Circuit Court was authorized to correct the decree accordingly, such application to be made within sixty days.

1. We think a fair construction of Section 5749, Or. L., before the amendment of 1927, as to the time of making application for a rehearing after an adjudication of water rights upon a stream system by the Circuit Court, where an appeal is taken to this court, gives the state engineer, or any party interested, six months from the date of the

decree of this court upon the appeal to apply for a rehearing. Section 5749, Or. L., was amended at the 1927 session of the legislature by striking out the word "decision" and inserting in lieu thereof the words "the date of the decree of the circuit court on the mandate." See Gen. Laws Or. 1927, Chap. 22, p. 40.

2. When an appeal is taken to this court in an adjudication of water rights under the statute, and a decree is rendered and a mandate issued thereon from this court, and a decree is entered on the mandate in the Circuit Court, such decree is final, subject only to the special statutory provision, that upon certain applications and showing the Circuit Court may, within six months from the date of the decision of the Supreme Court, as the statute then read, in its discretion grant a rehearing, and also except as to such matters as are resubmitted to the Circuit Court for its further consideration in accordance with our former decree.

The question here involved is whether or not the applications of appellants come within the provisions of the statute, or within the provision of the decree reserving the right for further determination.

### The Claim of John P. Fay.

3, 4. The application of John P. Fay, successor in interest of Joseph H. Hill as the owner of certain lands described therein, alleges that there is error in the allowance of said claim in the former decree as follows: (1) The area of irrigated land in section 1 is stated as 130.88 acres and the same should be corrected so 'as to be 133.47 acres. (2) The area of irrigated land in lot 4, section 12, stated as 30 acres, should be reduced to 7.40 acres, which is the

total area of said subdivision. According to the statement in the application we think this is such an error as the Circuit Court is authorized by the decree to correct. It is further set forth in the application of John P. Fay as follows:

"That the dates of relative priority given in said award as 1893 and 1903 are error as said land is entitled to a date of priority of use as of 1883;

"That the statement and proof of claim in the above matter was prepared and submitted by Joseph H. Hill, the then owner of said land; and the dates as above mentioned as appeared in the claims were the dates when said claimant first irrigated and used said lands; that the evidence in the record herein shows that said tract was entered in the U. S. Land Office in 1882 and that hay was first cut and used from the land as a result of its irrigation in the season of 1883;

"That C. A. Sweek, Esquire, appeared as the attorney for said claimant in said proceedings and during the course thereof moved that said claims of the said Hill be amended to conform to the proof submitted, which motion was allowed by the Water Superintendent; that it is evident that said matter was not again brought to the attention of the water board or the circuit court and the dates stated in the claims were inserted in said decree; that at the time he purchased said lands this applicant understood and was informed by both his grantor and said attorney that said dates had been corrected, and for that reason he made no appearance when said proceeding was pending in the circuit court; that he first discovered said errors after the matter had been returned from the appeal to the Supreme Court of Oregon, and that he was then advised that same might be corrected on application within six months after the decree of the circuit court was entered."

The application is in the nature of one for the entry of an order *nunc pro tunc.* If the statement in the application is found to be true the Circuit Court is authorized in its discretion to make the correction and change the decree accordingly.

### THE CLAIM OF GEORGE W. GREELEY.

The applicant George Greeley is the owner of lots 5, 6, 7 and 8 (the same being NE.¼) of section 18, Tp. 24 S., R. 32 E., W. M., Harney County, Oregon. The application shows that said land was entered under the United States land laws as a pre-emption by Mary E. Borland, deceased, mother of this applicant, and patent issued to her under date of October 13, 1891. That said land is crossed from the northwest corner to the east center by the East Fork of Silvies River; that at the time of the commencement of this adjudication proceeding said land was in the possession of and being used by Joseph H. Hill, and the said Mary E. Borland, owner, or her heirs or legal representatives were not then or at any other time made a party to said court proceeding, no service or notice by publication, or otherwise, was ever had upon her and no judgment of default entered against her in said proceedings; that the said Mary E. Borland died in 1914, during the pendency of this adjudication, leaving a will wherein said real property above mentioned was bequeathed by her to this applicant, and said estate has been fully probated and closed.

That this applicant was not then in Harney County and relied upon and was informed that the said Joseph H. Hill had made statement and proof of claim for the proper rights for said lands from said river in connection with the adjoining lands, the title to which stood in his name, and the said

Hill so testified in the records herein and stated that he had filed such claim for water rights for the land belonging to the applicant, but after said adjudication matter was returned from the appeal to the Oregon Supreme Court it was then first found that no claim had been made and the rights to said land had never been passed upon in said proceedings and that said land was not included in said decree. Applicant alleges that 120 acres of land in the southerly portion of said tract is now and has been irrigated from Silvies River each year since 1886 and has produced crops of hay and pasture as the result of such use of water thereon, and that said land is entitled to a water right with date of priority of use of 1886.

In the statement that the water "rights to said land had never been passed upon in said proceeding and that said land was not included in said decree" is an error. Applicant alleges that if he is permitted by being granted a rehearing in said matter so to do he will prepare and file a statement of claim and introduce and submit evidence in support thereof in conformity with the provisions of the Oregon Water Laws and the rules of this court, that the decree, under which the waters of said stream are to be distributed, may contain a definite water right for said omitted lands.

5. The decree (p. 51) provides that the SW.¼ NE.¼ and SE.¼ NE.¼ of section 18, Tp. 24 S., R. 32 E., W. M., be accorded a water right with a date of relative priority of 1892, and the regular amount of cubic feet per second for 80 acres, for irrigation from the Hill ditch from the East Fork of Silvies River; therefore, the land was awarded

a water right in the name of Joseph H. Hill, which
no doubt caused the confusion. As the claimant's
predecessor in interest the owner of the land at
that time was not served with notice at the required
time, the error in name as well as the error in the
number of acres should be corrected and the claim
adjudicated, and to that extent the Circuit Court on
an amendment of the application would be authorized
to make the correction. If corrected, Joseph H.
Hill's award should be corrected accordingly.

6. It was held in *Re Willow Creek,* 74 Or. 592
(144 Pac. 505, 146 Pac. 475), that a water user,
under a stream system in an adjudication of water
rights, in order to be bound by the decree must be
served with notice or have his day in court.

## The Claim of Robert Duncan.

7. This claimant shows by his application that he
is the successor in interest of Joseph H. Hill and
claims to be the owner of lands described in the
application; that Joseph H. Hill submitted evidence
in the proceedings establishing the fact that the
water was first used on said lands from Silvies
River in 1886 and has been so used continuously
each and every year since that date; that C. A.
Sweek was attorney for the said Joseph H. Hill
in said adjudication, and during the course thereof,
while same was pending before the water board,
entered a motion and request that said claims so
filed be amended to conform to the proof then sub-
mitted, which motion was granted by the water
superintendent, and said claimant was advised by
his counsel that the matter had been corrected; that
said attorney removed from Harney County, dur-
ing the pendency of said adjudication matter be-

fore the Supreme and Circuit Courts and through error or negligence said matter was not again called to the attention of the court, and in making up the decree said claims were allowed as filed and were contrary to the facts and the record. This error should be corrected if upon a showing the Circuit Court deems it proper.

The Circuit Court is authorized under the provisions of the former decree to consider and adjudicate the matter in order to make the correction. This correction is in the nature of a *nunc pro tunc* order and a means of making the record show an order that was actually made in the proceedings.

THE CLAIM OF J. W. BIGGS AND GROVER N. JAMESON, GERTRUDE G. MUSIC AND B. F. SMITH, HIS SUCCESSORS IN INTEREST.

8. In the former decree of this court J. W. Biggs was awarded a water right for certain lands with a certain date of priority, and the decree provided that within 60 days after the filing of the mandate in the Circuit Court the claimant might apply for an order for the taking of further testimony as to the proper date of priority. Application was made by claimant for an order of the Circuit Court and an order entered permitting the taking of further testimony in support of the date of priority, but the same has not been taken. The extension of further time for taking such testimony by J. W. Biggs or his successors in interest in the land as we view it is a matter of discretion of the Circuit Court. The manner of taking testimony is not material. It might be taken before the state engineer, before the court or by deposition, as in ordinary cases. Before we pass upon the right to take such further testimony the Circuit Court should exercise

its discretion as it deems best. The application is not one strictly for a rehearing.

## THE CLAIM OF OREGON AND WESTERN COLONIZATION COMPANY, A. CORPORATION, AND J. C. CLEMENS, SUCCESSOR IN INTEREST OF SAID CORPORATION.

9. This application sets forth ownership and description of the land, the award made in the former decree and avers that the Oregon and Western Colonization Company is also the owner of section 35, Tp. 23 S., R. 33 E., W. M., and section 11, Tp. 24 S., R. 30 E., W. M., for which no claim was filed or award made for water rights in said adjudication. As a reason therefor it was alleged that at the time of taking testimony in the proceedings said lands were represented by Judge L. R. Webster and attorneys representing Charles Altschul, a representative of the owners of the land grant lands of which the land described in the application formed a part; statements of claim and proof were apparently prepared and submitted fixing the initiation of the water right at the time of the fencing of the premises; that the lands were among those naturally overflowing and were producing crops from the time of the earliest settlement in Harney Valley and were entitled to a date of priority of 1886 or 1887; that in conclusion of the oral testimony introduced the counsel for claimant requested and was granted the right to introduce other and further testimony showing the dates of the first leases and use of said premises; that prior to the filing of the determination of the water board herein, Judge Webster died and the matter of further proof as to the dates of use of water was not "followed up and in fixing the dates of priority of the various rights the water board and later the

courts have taken the dates as first stated in the claims as filed and as shown above.''

This portion of the application does not show who the other attorneys were representing the claimant or show sufficient excuse why further testimony was not taken, and we think the Circuit Court properly denied the foregoing portion of the application for rehearing.

10. It is further averred that all of the premises described in the application, except section 9, Tp. 24 S., R. 31 E., W. M., is supplied by numerous springs, three of which are located on section 35, Tp. 23 S., R. 30 E., W. M., one on section 11, Tp. 24 S., R. 30 E., W. M., and other springs in the Sage Hen watershed. That said lands and other adjacent lands are awarded water rights from Warm Springs without designating or giving the location of the spring or springs.

That all of said premises above described, except section 9, Tp. 24 S., R. 31, are situated in the westerly portion of the Harney Valley and the principal irrigation is supplied by numerous springs, three of which are located on said section 35, 23–30, one on section 11, 24–30, and other springs in the Sage Hen watershed. That said lands, and other adjacent lands, are awarded water rights from Warm Springs without designating or giving the location of the spring or springs, and the decree in this respect is indefinite and confusing, and already differences of opinion have arisen with the land owners and with the water-master in his attempt to distribute the decreed water under said decree.

This is not an application to change the decree, but simply for the purpose of making a description of the springs definite. This portion should be

granted. It is further set forth in the application as follows:

11. Claimant alleges that said section 35, Tp. 23 S., R. 30 E., W. M., on which are located three large springs, is entitled to a water right of 60 acres in the east half of the east half of said section, with date of priority of 1886, and that the southeast quarter of section 11, Tp. 24 S., R. 30 E., W. M., is entitled to a water right from the spring located on said land with date of priority of use of 1886.

The latter quotation relates to the first portion of the application which was refused. It may be that these springs mentioned in the application are governed by that portion of Section 5797, Or. L., which provides:

"That the person upon whose lands the seepage or spring waters first arise, shall have the right to the use of such waters."

This application does not show the reason of any error in listing the lands involved, particularly said section 35. We cannot find from the record that there was any error in denying the portion of the application referred to. If the claimant should apply to the Circuit Court, which he is allowed to do, and be granted an amendment to the application showing that on account of some clerical error or oversight (section 35) he was not listed for a water right, it may be that the matter in relation to said section 35 could be given further consideration by the Circuit Court.

The Claim of Charles B. Ausmus, Successor in Interest of F. Crowley.

12. This application shows in substance that at the time of the closing of the testimony of said pro-

ceedings, Gustav Rembold, an attorney appearing for numerous claimants, called the attention of the water superintendent and the attorneys of the various claimants to the fact that Crowley's claim had not been passed upon and it was then agreed and entered in the record that testimony would be submitted on the claim at a future time. Subsequently thereto the said Crowley became sick and incapacitated and died soon after, and did not attend to the matter of the proof. That the real property was sold and conveyed to Charles B. Ausmus; that it was his understanding that said land had a water right appurtenant thereto, and upon investigation and the finding of the facts, as above stated, just after said decree was originally entered in the Circuit Court, he proposed the commencement of proceedings whereby the same might be reopened to permit him to make proof of said water right claimed and used on said lands; that he was then advised by the court and by counsel that the better practice was to permit the decree to stand as it was then upon the appeal to the Supreme Court and that under the statute he would have six months after final decree was entered within which to apply for and secure the relief sought. Section 103, Or. L., provides as follows:

"The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this Code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

13. The application of Ausmus, successor in interest of Crowley, would seem to bring the matter within the provision of this section which authorizes the Circuit Court to exercise its discretion in the matter and we think it is authorized so to do if it finds the facts substantially as alleged. A strict rule as to pleadings in water right proceedings under the statute does not and should not prevail. Therefore an application for a rehearing should be treated as an application for the correction of error, or for relief under Section 103, Or. L., when the facts alleged warrant.

### THE CLAIM OF BEN BROWN, SUCCESSOR OF IONE WHITING.

14. The applicant shows in substance that Mrs. Ione Whiting at the time of the adjudication proceedings was a very aged lady and was not active in the care of her property; that she owned other land than the 39 acres involved in the application, the title to which was in dispute at the time of the commencement of the adjudication, and the claim for water right for this adjoining land was submitted in the name of the Oregon and Western Colonization Company and the right was allowed in the decree; that it was understood that all of the real property of Ione Whiting was represented before the water board, but owing to the conditions mentioned no claim was made or considered for 39 acres described in the application of low land adjoining the Silvies River, which was the original home place of the pioneer Whiting family and has been irrigated from said stream each and every year since 1872.

We think by a proper showing that this error, oversight and default can be corrected under the statute and the provision of the decree.

The suggested modification of the order of the Circuit Court relating to the applications, which are in the form af an application for rehearings, are based upon the facts as they are alleged in the application and upon the assumption that the several applicants will prove the facts therein set forth.

15. It does not appear that the Circuit Court erred in the exercise of its discretion in denying the application to open up the case and retry the same as to the dates of relative priorities of water rights, and like questions, where the matter is not shown to be on account of the same excusable error or oversight, or that a party has not had a fair notice or full hearing as to his claim.

The order of the Circuit Court will be modified as indicated above. No costs will be awarded to either party.                                    MODIFIED.

BURNETT, C. J., concurs in the result.