Argued at Pendleton May 5; reversed July 28, 1931

IN RE RIGHTS TO USE OF WATERS OF OWYHEE RIVER AND
ITS TRIBUTARIES

OLIVER *v.* JORDAN VALLEY LAND & CATTLE
CO. ET AL.

(1 P. (2d) 1097)

*Geo. T. Cochran,* of La Grande (Cochran & Eberhard, of La Grande, and Percy A. Cupper, of Salem, on the brief), for appellant.

*Robert D. Lytle,* of Vale (Eugene Brasie, of Boise, Idaho, on the brief), for respondents.

PER CURIAM. This is an appeal from an order denying an application for rehearing in the matter of the adjudication of the rights to the use of the waters of the Owyhee river and its tributaries. On September 21, 1926, the circuit court entered a decree confirming the findings of the state water engineer wherein it was adjudicated that appellant John A. Oliver is entitled to use of the water from Cow Creek sufficient to irrigate 277.1 A. of land, the date of relative priority being as of March 16, 1907. There was no contest as to the claim of this appellant. He took no exceptions to the findings of the state water engineer, nor was there any appeal from the decree confirming the same. Other claimants, however, appealed to the Supreme Court relative to the adjudications of their water rights. The case was decided on appeal and, on the third day of February, 1928, the circuit court entered its decree in keeping with the mandate of this court. On February 4, 1928, the appellant Oliver filed his application for a rehearing under the provisions of section 47-618, Oregon Code 1930. From this application it appears that Oliver obtains water for irrigation purposes by diverting it from the lower end of Upper Cow Creek Lake into which Cow Creek, a tributary of the Owyhee river, flows. According to the petition, there is a natural rock barrier or reef at the lower end of the lake, which causes the water to rise to an elevation of 2.64 feet above the bottom of his

irrigation ditch. Oliver avers in substance that, subsequent to the filing of his claim and the adjudication of his water rights, "a channel has been constructed through the natural barrier of Cow Creek Lake near the point at which applicant's ditch taps said lake, and those constructing said channel threaten to divert the waters naturally stored in Upper Cow Creek Lake and prevent the natural storage of said water in Upper Cow Creek Lake during the nonirrigation season and thereby destroying the natural storage necessary to the enjoyment by applicant of his rights; * * *." In his prayer he asks for a supplemental order or decree entitling him "to the use of all water naturally stored in Upper Cow Creek Lake between the elevation of the bottom of the Oliver ditch at the point where it taps the lake and the elevation at which said upper Cow Creek Lake overflows into Lower Cow Creek Lake * * *." The circuit court has ordered that the hearing of the application for rehearing be set for March 6, 1928, and directed the clerk that all parties who have rights under the decree to the use of the waters of Cow Creek and its tributaries be notified of the time and place of hearing. Objections to the application were filed by the Jordan Valley Cattle Company, a user of the waters of Cow Creek, for the reason that Oliver's water rights had been adjudicated in prior proceedings and, since no appeal had been taken from the decree, applicant was estopped from asserting any increased duty of water in Cow Creek. On the date set for hearing, the trial court, Honorable C. H. McColloch presiding, denied the application in so far as it concerned the question of the increased duty of water, but as to all other questions involved therein the matter was held open for further hearing. On August 1, 1930, appellant again petitioned the court

for an order setting a date for hearing of application for rehearing. On December 23, 1930, appellant Oliver filed a motion to have his application heard and determined by some judge other than the Honorable W. W. Wood for the reason that the latter, prior to his appointment to the bench, had acted as an attorney in the proceedings for the adjudication of the relative rights to the use of the waters of the Owyhee river and its tributaries. The court, the Honorable W. W. Wood as judge presiding, denied this motion for change of judges and in the order recited that the only services rendered in the Owyhee river adjudication prior to his appointment as judge were "for certain claimants under the Owyhee ditch out of said river and some fifty or sixty miles from the lands of the said Oliver, and that such services did not affect in any manner the rights or claims of the said John A. Oliver in or to the waters of said river, and that this court is not disqualified by reason of said services to hear the present proceedings * * *."

Relative to the second application for rehearing, Jordan Valley Cattle Company appeared specially and objected to the application for the reason: (1) That the court had no jurisdiction of the persons in interest under the decree in that no notice of application for rehearing had been served; (2) the court had no jurisdiction of the subject-matter for the reason that more than six months had elapsed from the date of the decree before the application for rehearing was filed. On the second day of Feburary, 1931, the circuit court denied the application for rehearing. Oliver's appeal from the order denying a rehearing is based upon four assignments of error: (1) The court erred in not granting the motion for change of judges; (2) the court erred in holding that the application for rehear-

ing was not filed within the time prescribed by law; (3) the court erred in holding that the record should affirmatively show proof of service of notice of hearing upon application for rehearing; (4) the court erred in holding that it was without jurisdiction for the reason that the circuit court directed the clerk to serve the notices only on those parties shown by the record to have rights to the use of the waters of Cow Creek and Cow Creek Lakes.

 In our opinion, the motion for change of judges should have been allowed. Section 28-1503, Oregon Code 1930, provides that a judge is disqualified to act "when he has been attorney in the action, suit or proceeding in question for either party." We have not the slightest doubt that the judge of the circuit court was conscientious in denying the application of appellant for rehearing but, in the administration of justice, it is far better that such proceedings be heard and determined by a judge who has not acted as an attorney in the proceedings, even though his clients' interests be remotely involved. Counsel for respondents urge that the trial judge was right in denying the motion for change of judges in that it was not averred in the affidavit in support thereof that the trial judge was prejudiced and that the appellant could not have a fair and impartial trial. The fallacy of this contention is that appellant's motion was not filed under section 1-406, Oregon Code 1930, pertaining to disqualification of judges. In the instant case it appears from the affidavit in support of the motion that the trial judge had acted as an attorney in the proceedings. No other averment was necessary.

Relative to the time within which applications for rehearing must be filed, section 47-618, Oregon Code 1930, provides:

"Within six (6) months from the date of the decree of the circuit court determining the rights upon any stream, or if appealed within six months from the date of the decree of the circuit court on the mandate of the supreme court, the state engineer or any party interested may apply to the circuit court for a rehearing upon the grounds to be stated in the application * * *."

 It will be observed that the application in question was filed more than a year after the date of the decree in the circuit court but within six months from the time the decree was entered on the mandate of this court. Unquestionably, appellant Oliver was a "party interested" in the proceedings notwithstanding he was not a party to the appeal. In the light of *In re Water Rights of Silvies River*, 122 Or. 47 (257 P. 693), wherein the above section of the statute was construed, we are of the opinion that the application was filed within the time fixed by statute. Since an appeal was taken, the time for making application runs from the date of the entry of the decree on the mandate of the Supreme Court. If no appeal had been taken, the date of the original decree would control.

In reference to the notice to be given of the application for rehearing, section 47-618, Oregon Code 1930, provides:

"The clerk of the circuit court shall, at the expense of the petitioner, forthwith mail written notice of said application to the state engineer and to every party interested, and state in such notice the time and place when such application will be heard."

██ It will be recalled that the circuit court directed the clerk to notify all parties who were shown by the decree to have rights to the use of the waters of Cow Creek and its tributaries and of Cow Lakes. No return was made by the clerk as to the parties to whom

such notices were mailed. While the statute does not provide for such a return to be made by the clerk, we think it essential to the jurisdiction of the court that it affirmatively appear that all parties interested were notified of any application for rehearing wherein there is sought an adjudication which might materially affect their water rights. What has been said in reference to the return of the clerk relative to the mailing of notices is not pertinent to the issues in view of the reversal of the order denying the application for rehearing, but it is deemed proper for the guidance of the court upon further consideration of this cause. Since the applicant Oliver has petitioned for the use of water in addition to that which has been previously adjudicated to him, the allowance of which might materially affect the rights of water users as determined in the Owyhee river adjudication, we think all parties thereto should be given notice and that such notice should not be limited as was directed by the circuit court.

We give no intimation as to whether a rehearing should be allowed but, if upon hearing of the application it appears that the applicant's right to water in Cow Lake are being interfered with by the construction of a channel through the rock barrier in the lower end of the lake, the court should, in the exercise of its continuing jurisdiction, safeguard the use of the water adjudicated to Oliver in the decree.

In view of the statutory disqualification of the judge of the circuit court, it follows that the order denying the application must be reversed and the cause remanded to be heard before some other judge.

ROSSMAN and KELLY, JJ., absent. RAND, J., not sitting.